IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONY MUSIC ENTERTAINMENT, et al.,

      Plaintiffs,                         No. CIV 09-1371 LKK KJM

      vs.

NATHANIEL ALLEN,

      Defendant.                    <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff's motion for default judgment came on regularly for hearing October 7, 2009. Thomas Kerr appeared telephonically for plaintiffs. No appearance was made for defendant. Upon review of the documents in support and the supplemental affidavit regarding service of summons, no opposition having been filed, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant by substituted service on June 24, 2009. Compare <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has not filed an answer. The clerk of the court entered default against defendant on August 4, 2009. Notice of the entry of default as well as plaintiff's present motion for entry of default judgment

/////

were served by mail on defendant at his last known address.  Defendant filed no opposition to the motion for entry of default judgment.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977).  Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint.  The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiffs are entitled to the relief in the form of statutory damages and injunctive relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  <u>Henry v. Sneiders</u>, 490 F.2d 315, 317 (9th Cir. 1974).  There are no policy considerations which preclude the entry of default judgment of the type requested.  See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors to be considered in determining entry of default judgment).

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED.  A proposed judgment has been lodged by plaintiffs and is approved as to form and substance (docket no. 14, attachment 2).

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties

/////
/////
/////
/////

1  are advised that failure to file objections within the specified time may waive the right to appeal
2  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: October 8, 2009.

006
sony-allen.def

_____
U.S. MAGISTRATE JUDGE

3